**Joseph Patrick McREYNOLDS, By and Through His Guardian ad litem Joan McREYNOLDS, Plaintiff,**

v.

**MAUPIN ELEMENTARY SCHOOL DISTRICT NO. 84; Wasco Education Service District; Fred D. Krauss; Richard LaFever; Russell Snodgrass; and Larry Smith, Defendants.**

Civ. No. 89–809–FR.

United States District Court, D. Oregon.

July 25, 1990.

Jess M. Glaeser, Hoffman, Matasar & Glaeser, Susan M. Svetkey, Portland, Or., for plaintiff.

Sean Donahue, A. Gregory Powell, Davis Wright Tremaine, Portland, Or., for defendant Maupin Elementary School Dist. No. 84 and Russell Snodgrass.

Thomas S. Moore, Thomas S. Moore, P.C., Portland, Or., for defendants Wasco Education Service Dist., Fred D. Krauss and Richard LaFever.

James H. Gidley, Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland, Or., for defendant Larry Smith.

## OPINION

FRYE, Judge:

The matter before the court is the motion of plaintiff, Joseph Patrick McReynolds, for a protective order preventing the defendants from obtaining discovery of documents which he claims constitute or contain attorney work product (# 44).

## BACKGROUND

This is an action for violation of civil rights under 42 U.S.C. § 1983, deprivation of an appropriate public education under 20 U.S.C. § 1401, and common law claims for negligence and battery brought by a minor child who suffers from Downs Syndrome. The child, Joseph McReynolds, sues through his guardian ad litem, Joan McReynolds. McReynolds alleges that Joseph McReynolds was sexually abused by his special education teacher while attending the Wasco E.S.D. Severely Handicapped Learner Program at the Maupin Elementary School.

The defendants are Maupin Elementary School District No. 84 (the school district); Russell Snodgrass, the Superintendent of the school district; Wasco Education Service District (E.S.D.); Fred D. Krauss, the Superintendent of Wasco E.S.D.; Richard

LaFever, the Special Education Director of Wasco E.S.D.; and Larry Smith, the teacher.

This discovery dispute arose when the school district made a request for all medical records relating or pertaining to McReynolds from November, 1984 to the present. The doctors involved are Dr. Maureen Mack, a pediatrician located in The Dalles, Oregon, and Dr. Meg Eastman and Dr. Jeffrey Sosne of the Childrens Program in Portland, Oregon, all of whom provided medical treatment to McReynolds.

McReynolds produced copies of the medical records requested, but blacked out portions of the records which relate to telephone conversations between legal counsel for McReynolds and certain medical providers. McReynolds asserts a claim of work product privilege as to these portions of the medical records.

The school district then noticed the depositions of the custodians of records of the medical providers, issuing subpoenas for the production of all medical records relating to McReynolds. McReynolds then filed this motion for a protective order to prevent defendants from obtaining the redacted portions of his medical records. McReynolds has submitted a copy of the relevant records under seal to the court for an *in camera* review.

## ANALYSIS AND RULING

The issue before the court is whether the portions of the medical records which were withheld by McReynolds constitute attorney work product. The work product doctrine is set out in Fed.R.Civ.P. 26(b)(3):

Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

McReynolds contends that the redacted portions of the medical records contain the mental impressions, conclusions, opinions or legal theories of the attorneys and/or the facts known to or opinions held by experts retained by the attorneys for McReynolds. The documents submitted under seal consist of four pages from the records of the Childrens Program and one page from the records of Dr. Mack. The documents consist in part of standard medical progress records which contain some notes regarding conversations the doctors had with McReynolds' attorneys and in part of notes taken as a result of the telephone conversations the doctors had with McReynolds' attorneys. Only the portions of the records which concern the conversations the doctors had with McReynolds' attorneys were withheld.

These documents meet the test for work product in some respects. The notes are documents which are relevant to the subject matter of the action. The notes indicate that litigation was anticipated at the time of the conversations. Two of the doctors involved, Dr. Mack and Dr. Eastman of the Childrens Program, have been identified as expert witnesses. However, the notes do not indicate whether it was expected that the doctors would act as expert witnesses when the conversations with the attorneys for McReynolds took place.

The question is whether the notes were prepared "by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)" as required by Fed.R.Civ.P. 26(b)(3) or simply by a fact witness. The court has not located any decision of the Ninth Circuit which addresses this issue in a similar con-

text. The decision which is closest to the facts of this case is *Sprague v. Director, Office of Workers' Compensation Programs,* 688 F.2d 862 (1st Cir.1982).

In *Sprague,* the First Circuit held that a letter prepared by a doctor in response to questions from the defendant's attorney was work product. 688 F.2d at 870. The doctor, an employee of the defendant employer, had treated Sprague soon after the injuries that led to his workers' compensation claim. The court found that it was irrelevant that the writer of the letter was a doctor and not an attorney. The court also found it insignificant that the letter was prepared in response to a letter from the attorney to a third party, and that the doctor simply received a copy of the attorney's letter.

Defendants rely on *Virginia Elec. & Power Co. v. Sun Shipbuilding & Dry Dock Co.,* 68 F.R.D. 397 (E.D.Va.1975), particularly the sweeping statement: "It is elementary, of course, that ... the work product of the lawyer must be presently a part of the work files of the lawyer to qualify for the protection of the rule." *Id.* at 402. However, the *Virginia Elec.* case concerned a situation where the defendant took the position in resisting production that any document that was generated by its employees and subsequently furnished to its counsel thereby became part of the work product of counsel. The statement quoted above was made in that context, and not in response to a situation such as the present case.

The court declines to make a bright line ruling that documents which are not physically located in a lawyer's files cannot be work product. For instance, if the doctor in *Sprague* had kept a copy of his letter to the defendant's lawyer, the copy as well as the original should be considered work product. Otherwise, representatives of a party would be forced to choose between keeping records of their communications or losing the protection of the work product doctrine.

This is not to say that all documents in the files of a party's witnesses are entitled to work product status, but only those documents generated by someone who is a representative of the party at that time. The doctor in *Sprague* was an employee of the defendant at all times, so his status as a representative was not in question. The doctors in this case began as treating physicians and subsequently were identified as expert witnesses.

Thus, the crucial question in this case is whether the doctors were expected to act as expert witnesses at the time when the documents were generated and therefore qualified as representatives at that time. McReynolds has submitted no evidence which could support a finding that the doctors had been engaged as expert witnesses or were expected to act as expert witnesses when the documents were generated.

Therefore, McReynolds has not met his burden under Fed.R.Civ.P. 26(c) to establish good cause for a protective order.

## CONCLUSION

The motion of McReynolds for a protective order (# 44) is denied.